**ELLER, Plaintiff-Appellee, v. TURVENE et, Defendants-Appellants.**

Ohio Appeals, Second District, Darke County.

No. 726.    Decided March 31, 1955.

Pickrel, Schaeffer & Ebeling, Dayton, by William H. Selva, of Counsel, Spidel, Staley & Hole, Greenville, by Wilbur D. Spidel, of Counsel, for plaintiff-appellee.

Hon. Mason Douglass, Charles A. Funkhouser, Dayton, Hon. Jesse K. Brumbaugh, Greenville, for defendants-appellants.

## OPINION

By THE COURT:

This is an appeal on questions of law from a judgment in favor of plaintiff against both defendants for $8500 entered on the verdict of a jury.

The action was for damages for overt fraud by misrepresentations of fact inducing a contract for and exchange of real properties of plain-

tiff and defendant, Turvene, with a further cash consideration paid by plaintiff to said defendant.

Eight errors are assigned. The first is directed to the admission of evidence offered by the plaintiff; the second is the refusal to admit evidence proffered by the defendants; the third, fourth, fifth and sixth are directed to the action of the trial judge in refusing to direct a verdict in favor of each of the defendants at the end of plaintiff's case in chief, and at the end of the whole case. The seventh is that the court erred in refusing to give special charges which defendants requested. Eighth, in giving certain special charges requested by plaintiff. The tenth, the court erred in the general charge to the jury. The eleventh, newly-discoverd evidence, and the ninth, that the verdict is against the manifest weight of the evidence and is not sustained by the evidence.

We hold that the first and second assignments are not well made. They require no further comment.

As supporting the third, fourth, fifth and sixth assignments, appellants urge that the representations upon which the charge of fraud was predicated were of law only and, therefore, could not afford support for the verdict and judgment.

The case of **Gleason v. Bell, 91 Oh St 268,** so parallels the facts here upon which plaintiff relies as to constitute authority that the representations, if made, were of fact.

Without discussing the several cases cited by appellants, it may be said that clear distinction can be made between the representations therein held to be mere matters of opinion, or of law, and the misrepresentations here relied upon by plaintiff. The jury could well have found that the status in law of the real property involved under the zoning ordinance of the City of Dayton was so well established that the representations relied upon were of fact.

With the foregoing observations, we hold against the assignments of error numbered three, four, five and six.

The seventh assignment is directed to the refusal of the trial judge to give certain special charges requested by defendants.

Defendants requested the giving of eleven special charges, seven of which were granted. Charge No. 5, which was refused, reads:

"The Court charges the jury that this is an action in deceit in which the plaintiff alleges willful, intentional, actual fraud. Fraud is never presumed. It must be proved by the evidence, and the jury is not permitted to speculate or conjecture as to whether fraud was committed by the defendants: unless fraud is proved by the weight of the evidence, the jury must return a verdict for the defendants."

The court gave Special Charge No. 3 upon the request of the defendants:

"The court charges the jury that the defendants have no burden of disproving fraud. The burden rests throughout the case upon the plaintiff to prove intentional, willful fraud, by substantial evidence to the extent that her evidence preponderate over the evidence of the defendant. By preponderance of the evidence the court means the weight of the evidence; the evidence in support of the allegations must outweigh the evidence against the allegations."

Charge No. 3 in subject matter and content sufficiently presents the principle of law enunciated in Charge No. 5 as to make unnecessary that it also be given.

Charge No. 6:

"The court charges the jury that if the evidence establishes that the plaintiff cannot operate apartments in the property acquired by her at 1055 Harvard Boulevard, that fact in itself does not permit the jury to award her a verdict against the defendant, Younce, or the defendant, Turvene, or both."

As an abstract proposition, the charge is sound, but the plaintiff made no contention and the court did not charge that it alone was controlling of a verdict for or against the defendants. There was no issue between the parties to which the law of the charge had application.

Charge No. 8:

"The essence of fraudulent transactions is bad faith. The law presumes, however, that all men are fair and honest; that their dealings are in good faith, and without any intention to cheat or defraud. When a transaction, called in question, is susceptible of two constructions, one that is fair and honest, and one that is dishonest, the law is, that the fair and honest construction must prevail; and the transaction in question, that is the transaction in this suit, must be, as a matter of law, presumed to have been without fraud."

Appellants in their brief assert that this "entire charge is taken from Weygandt's Charges, page 191, Charge 656, which in turn took the charge from 27 O S." The citation to 27 Oh St 571 is **Landis v. Kelly et.** The charge is not taken in toto from Weygandt's Special Charges, although it is substantially the same. The subject matter of the instruction as a whole is not found in Landis v. Kelly et, nor does the language found there purport to state that it is a charge that was given in the case or that should have been given. It was the observation of the judge who wrote the opinion and it sets forth, in part, the principle embodied in Special Charge No. 8. Up to the sentence ending with the word "prevail," the instruction is correct and could safely have been given.

However, the language "that is the transaction in this suit, must be as a matter of law, presumed to have been with out fraud," is susceptible of misinterpretation by the jury. It is not predicated upon the necessary premise that the transaction in the instant cause be found to be susceptible of two constructions, one of which is that it is fair and honest. That was essential to the application of the principle of law expounded in the charge.

Charge No. 13 reads:

"The court charges the jury that the plaintiff had a right to rely upon her own real estate broker to afford her such information regarding the property considered by her for purchase as his duty as a realtor required. If he had information, or if the same was within his reach, relative to the utility of the said property under the zoning ordinance, it is the same as if the plaintiff possessed it, and if the failure of Ed Montgomery, real estate broker, acting as agent for the plaintiff, to exercise such care as a reasonably prudent realtor is required to exercise

in behalf of his client, caused the damages to the plaintiff, then his failure, as defined, cannot be charged to the defendant, Younce, or the defendant, Turvene."

The court gave defendants' special instruction No. 10, page 638; this charge as given more properly stated the applicable law. The charge refused enjoined upon Montgomery as a real estate broker the exercise of such care as "A reasonably prudent realtor is required to exercise in behalf of his client." The charge does not define what care would normally be enjoined upon a realtor in the interest of his client, nor was there any requirement that the extent of the authority of the broker to act for and on behalf of the plaintiff be proven in the transaction sued upon.

The eighth assignment is directed to the action of the Court in giving certain special charges before argument as requested by plaintiff.

Special Charge No. 1:

"The court instructs you as a matter of law that it has been stipulated that 1055 West Harvard Boulevard is and was at all times material in this case located in the residence A Zoning district of the City of Dayton, Montgomery County, Ohio, and said property so located is not permitted to be used for multiple family purposes."

No prejudicial error could have resulted by directing the attention of the jury to a statement of facts to which all parties had agreed.

For the first time, in the reply brief, objection is made to Special Charges Nos. 2 and 5.

Special Charge No. 2 is as follows:

"The court instructs you as a matter of law if you find from the evidence in this case that the defendant, Chester Turvene, or the defendant, Coulus W. Younce, either jointly or separately, made representations of fact to the plaintiff purchaser which were material to the transaction, that such representations as made were false and that the parties making such representations had knowledge of their falsity and intended to mislead plaintiff purchaser, and that plaintiff purchaser relied upon such false representations and that said plaintiff had a right to rely upon same and was damaged thereby, then your verdict must be in favor of the plaintiff against the party or parties making such representations so relied upon."

It is urged there is no proof to support joint representations made by defendants. Technically, this is true. We cannot say that the language employed, although not exact, tended to mislead the jury. If the statements were made by both defendants, although at different times and places, they could be considered as joint statements inasmuch as there was no variation as to time and place where representations were made, or as to the identity of the defendant who made them. Especially is this true if conspiracy was established.

Special Charge No. 5:

"Members of the jury: I charge you that regardless of what you may find was the duty of Ed Montgomery, his failure to exercise his duty would in no way relieve the defendants, Chester Turvene or Coulus W. Younce, from liability to plaintiff for any fraud or false representations which they or either of them may have made to the plaintiff in

connection with the property known as 1055 West Harvard Boulevard (upon which plaintiff relied and which induced her in the purchase of said property)."

It is urged that this charge permitted the jury to conclude that even if Montgomery had deliberately misrepresented the facts to Mrs. Eller, or himself induced her to sign the contract, the jury might notwithstanding find against the defendants. This conclusion is not warranted because as a part of the charge was included the necessary finding that the plaintiff relied upon and was induced to purchase the property by the false representations by either or both of the defendants. The objection to the language, "and which induced her in the purchase of said property" is not of sufficient force to justify a reversal inasmuch as other charges and the general charge were more specific as to the necessity of proof respecting reliance of the plaintiff upon the misrepresentations of defendants.

The tenth assignment of error is directed to the general charge of the court. The first proposition is that the court left to the jury the determination whether the statements of Younce were statements of fact or law, and that such determination should have been made by the court. As we have before indicated, the mis-statements upon which plaintiff relied could properly have been held to be statements of fact. If there was an issue as to the character of the statements it was properly submitted to the jury. Shawnee Commercial and Savings Bank v. Miller, 1 O. C. C. N. S. 569; Colt v. Wasson, 15 Oh Ap 484.

The general charge respecting the effect of the written contract as to the rights of the parties upon the form of action on trial was sound. The action was for fraud in inducing the consummation of the contract. We could do no better than to quote the text from 17 O. Jur., Par. 16, page 33:

"The genius of the law opposes itself to all fraud, and the most solemn judicial proceedings, when tinctured with it, are vitiated. Fraud taints every transaction into which it enters, and vitiates contracts which but for it would not have been entered into. There is no exception to this rule."

It is further urged that the court failed to define conspiracy. The court did not define conspiracy, but what was said to the jury respecting proof to constitute conspiracy was correct. Counsel for appellants offered no suggestion to the court that a further or more complete charge should be given. In this situation the error, if such, was of omission and not commission. State v. Tudor, 154 Oh St 249. However, there is another reason why the charge as given was not prejudicial in that the court gave defendants' Special Instruction No. 1, in which defendants' concept of conspiracy was set forth.

The assignment as to newly-discovered evidence is brought on to the record by two affidavits which, if true, affect only the credibility of plaintiff's testimony.

The trial judge did not abuse his discretion in refusing to grant a new trial upon these affidavits. Bridge v. State, 20 O. C. C. (N. S.) 232, 4 O. Jur. (2d), 479.

The assignment is also subject to the technical objection that the affidavits upon which the motion is based are not carried into the bill of exceptions. Coldren v. May, 72 Oh Ap 484.

The ninth assignment is that the verdict is against the manifest weight of the evidence, and not supported by the evidence.

Upon the testimony of the plaintiff and her witnesses there was sufficient proof of each and every essential element of the fraud pleaded. The jury had full right to evaluate this testimony.

No error assigned is established. The judgment will be affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.